EXHIBIT A

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 12/23/202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
JONATHAN TAVAREZ,

                                              Plaintiff(s),

                          -against-

ECKLEY LOGISTICS SYSTEMS INC and JOHN OR JANE
DOE,

                                              Defendant(s).

-----------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff **JONATHAN
TAVAREZ** designates Bronx
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiff resides at:
101 East 179th Street
Bronx, New York 10453

County of Bronx

**To the above named Defendants:**

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of
appearance on the Plaintiff's Attorney within twenty (20) days after the service of this supplemental
summons, exclusive of the day of service (or within thirty (30) days after the service in complete if
this summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded
herein.

Dated:          Brooklyn, New York
                December 23, 2021

                                              ERIK IKHILOV, ESQ.
                                              **Ikhilov & Associates**
                                              Attorneys for Plaintiff(s)
                                              **JONATHAN TAVAREZ**
                                              2357 Coney Island Avenue
                                              Brooklyn, New York 11223
                                              718-336-4999

# PLEASE FORWARD THESE DOCUMENTS TO YOUR INSURANCE COMPANY

Defendant's Address:

**ECKLEY LOGISTICS SYSTEMS INC**
**C/O Secretary of State**
1 Commerce Plaza
99 Washington Ave
Albany, NY 12231

92 N Main St # A,
Windsor, NJ 08561

**NOTE:** The law provides that

(a) if this summons is served by its delivery to you personally within the City of New York, you must appear and answer within **TWENTY** days after such service; or

(b) if this Summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication or by any means other than personal delivery to you within the City of New York, you are allowed **THIRTY** days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 12/23/202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:
Date Purchased:

------------------------------------------------------------------------X

JONATHAN TAVAREZ,

                                        Plaintiff(s),

**VERIFIED
COMPLAINT**

-against-

ECKLEY LOGISTICS SYSTEMS INC and JOHN OR JANE
DOE,

                                        Defendant(s),

------------------------------------------------------------------------X

Plaintiffs **JONATHAN TAVAREZ** by his attorneys, **IKHILOV & ASSOCIATES**, as and

for his Verified Complaint against the Defendants **ECKLEY LOGISTICS SYSTEMS INC** and

**JOHN OR JANE DOE** respectfully alleges, upon information and belief as follows:

1. That at all times hereinafter alleged, Plaintiff JONATHAN TAVAREZ was and still is a
   resident of the County of Bronx, in the State of New York, and as such, he is subject to the
   jurisdiction of this honorable court.

2. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC
   was and still is a domestic corporation, duly organized and existing by virtue of and under
   the laws of the State of New Jersey.

3. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC
   was and still is a foreign corporation duly licensed and authorized to do business in the State
   of New Jersey.

4. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC
   did conduct and carry on business in the State of New York.

5. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC
   did conduct and carry on business in the State of New Jersey.

6. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC
   was and still is a partnership doing business in the State of New York.

7. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC

was and still is a partnership doing business in the State of New Jersey.

8. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC was and still is a limited liability partnership doing business in the State of New York.

9. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC was and still is a limited liability partnership doing business in the State of New Jersey.

10. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC was and still is a sole proprietorship doing business in the State of New York.

11. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC transacted business within the State of New York.

12. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

13. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC derived substantial revenue from goods used or consumed or services rendered in the State of New Jersey.

14. That at all times hereinafter mentioned, Defendant ECKLEY LOGISTICS SYSTEMS INC derived substantial revenue from interstate or international commerce.

15. That on or about September 25, 2021, Defendant ECKLEY LOGISTICS SYSTEMS INC was the lawful owner of a certain Truck motor vehicle bearing New Jersey State registration number XEDM80.

16. That on or about September 25, 2021, Defendant ECKLEY LOGISTICS SYSTEMS INC did maintain the certain Truck motor vehicle bearing New Jersey State registration number XEDM80.

17. That on or about September 25, 2021, Defendant JOHN OR JANE DOE was the lawful operator of a certain Truck motor vehicle bearing New Jersey State registration number XEDM80, with the express and/or implied authority, consent, permission and or/ratification, and/or within the scope of his/her duties and responsibilities as an agent, servant and or/employee of Defendant ECKLEY LOGISTICS SYSTEMS INC.

18. That on or about September 25, 2021, Defendant JOHN OR JANE DOE did control a certain Truck motor vehicle bearing New Jersey State registration number XEDM80.

19. That on or about September 25, 2021, Defendant JOHN OR JANE DOE did maintain a certain Truck motor vehicle bearing New Jersey State registration number XEDM80.

20. That on or about September 25, 2021, Plaintiff JONATHAN TAVAREZ was the lawful

FILED: BRONX COUNTY CLERK 12/23/2021 04:18 PM

NYSCEF DOC. NO. 1

INDEX NO. 817516/20211

RECEIVED NYSCEF: 12/23/2021

operator of a 2021 Toyota motor vehicle bearing New York State registration number T744983C, with the knowledge, consent, and permission of the owner.

21. That on or about September 25, 2021, Plaintiff JONATHAN TAVAREZ did control a 2021 Toyota motor vehicle bearing New York State registration number T744983C.

22. That on or about September 25, 2021, Plaintiff JONATHAN TAVAREZ did maintain a 2021 Toyota motor vehicle bearing New York State registration number T744983C.

## AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND TRAINING

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

24. That the defendant ECKLEY LOGISTICS SYSTEMS INC was responsible for hiring agents, servants and/or employees that were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

25. That the defendant ECKLEY LOGISTICS SYSTEMS INC was responsible for training all agents, servants and/or employees so that they would be competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

26. That on September 25, 2021, the driver of a certain Truck motor vehicle bearing New Jersey State registration number XEDM80, JOHN OR JANE DOE operated said vehicle with the permission, consent and knowledge of the defendant ECKLEY LOGISTICS SYSTEMS INC.

27. That on September 25, 2021, the driver of certain Truck motor vehicle bearing New Jersey State registration number XEDM80, JOHN OR JANE DOE, operated said vehicle within the course of their employment.

28. That on September 25, 2021, the driver of certain Truck motor vehicle bearing New Jersey State registration number XEDM80, JOHN OR JANE DOE operated said vehicle outside the scope of their employment.

29. That the defendant ECKLEY LOGISTICS SYSTEMS INC its agents, servants and/or employees were negligent in the hiring, training, retention and supervision of JOHN OR JANE DOE; in failing to investigate and determine whether JOHN OR JANE DOE was competent, and capable to carry out their job and observe necessary safety precautions; in failing to check the driving record, history and ability of JOHN OR JANE DOE; in failing to assure that JOHN OR JANE DOE was properly trained in the operation and safety of the vehicle; in negligently entrusting JOHN OR JANE DOE with operation of the vehicle; in negligently hiring JOHN OR JANE DOE; in negligently training JOHN

NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 12/23/202

OR JANE DOE; in negligently supervising JOHN OR JANE DOE; in negligently retaining JOHN OR JANE DOE; and in violating every rule, regulation, code, statute or ordinance governing the exercise of reasonable care and due diligence in the ownership, operation, maintenance, management and control of the vehicle, including but not limited to the Vehicle and Traffic Law of the State of New York.

30. That by reason of the foregoing, plaintiff, JONATHAN TAVAREZ, was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; was confined to bed and home; was compelled to seek medical care and attention; past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention; and was otherwise injured or damaged.

31. That by reason of the foregoing, plaintiff, JONATHAN TAVAREZ, has sustained damages in a sum which excess the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction of this action.

32. That at all times hereinafter mentioned, Canal Street, at or near its intersection with Watts Street, was and still is a public street and/or thoroughfare in the County of New York, State of New York.

33. That on or about September 25, 2021, at the aforesaid location, the aforesaid 2021 Toyota motor vehicle bearing New York State registration number T744983C, operated by Plaintiff JONATHAN TAVAREZ was struck, collided into, had an accident with, the aforesaid certain Truck motor vehicle bearing New Jersey State registration number XEDM80, the operator of said motor vehicle did flee the scene of the accident without identifying him/herself.

34. That the owner of said "hit-and-run" motor vehicle remained unidentified and unknown to the Plaintiff.

35. That the aforesaid collision and accident was the result of negligence, carelessness and recklessness of the Defendant, as follows: that the Defendant was negligent, careless and reckless in the ownership, operation, maintenance, inspection, repair, custody and control of his/her motor vehicle; that Defendant's motor vehicle was operated at an excessive rate of speed; the Defendant operated his/her motor vehicle in an improper and negligent manner given the attendant circumstance, and in violation of applicable laws, rules, regulations, and/or ordinances; that non-use and/or improper use was made of the horn, signals, steering and braking mechanisms to Defendant's motor vehicle; that the operator of Defendant's motor vehicle failed to yield the right of way, warn, pay heed and attention to existing traffic and roadway conditions, signals and devices, and failed to operate his/her motor vehicle in a reasonable safe manner and distance under the attendant circumstance, and failed to avoid the happening of the subject accident; that the operator of Defendant's motor vehicles failed to act as a reasonable safe and prudent driver, so as to cause and/or contribute to the happening of the subject accident; that the Defendant improperly, unreasonably, negligently, carelessly and recklessly operated his/her motor vehicle so as to wrongfully enter the subject

accident; and that the Defendant was otherwise careless, reckless and negligent.

36. That Plaintiff JONATHAN TAVAREZ was free from contributing and/or comparative negligence in the happening of the subject occurrence.

37. That as a result of this occurrence, Plaintiff sustained serious and severe personal injuries and nervous shock, was rendered sick, sore, lame and disabled, and has remained so since this occurrence, has required medical treatment, will upon information and belief require additional care and treatment in the future, and upon information and belief sustained economic and/or property damages.

38. That Plaintiff JONATHAN TAVAREZ is a covered person, and has sustained a "serious injury", within the meaning of Section 5102 of the Insurance Law of the State of New York.

39. That one or more exceptions to the limited joint and several liability provisions set forth in Article 16 of the CPLR apply.

40. That Plaintiff JONATHAN TAVAREZ, therefore, seeks monetary damages for this cause of action in excess of the jurisdictional limits of all lower Courts, the specific sum of which to be determined by the trier of fact and law.

**WHEREFORE,** Plaintiff requests judgment against the Defendant in a sum exceeding the jurisdiction of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:    Brooklyn, New York
          December 23, 2021

Yours, etc.

ERIK IKHILOV
Ikhilov & Associates
Attorneys for Plaintiff(s)
**JONATHAN TAVAREZ**
2357 Coney Island Avenue
Brooklyn, New York 11223
718-336-4999

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 12/23/202

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                       )  s.s.:
COUNTY OF KINGS        )

I, ERIK IKHILOV, being duly sworn, depose and say:

I, the undersigned, an attorney admitted to practice in the Courts of New York State,

state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing

pleading; the same is true of my own knowledge, except as to the matters therein alleged to be on

information and belief, and as to those matters I believe it to be true.

Dated:      Brooklyn, New York
            December 23, 2021

                                            ERIK IKHILOV