UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2022
```

JONATHAN TAVAREZ,

                              Plaintiff,

          -against-

ECKLEY LOGISTICS SYSTEMS, INC.,

                              Defendants.

1:22-cv-1120 (MKV)

**OPINION AND ORDER
REMANDING CASE**

MARY KAY VYSKOCIL, United States District Judge:

On February 9, 2022, Defendant Eckley Logistics Systems, Inc. ("Eckley") removed this case from the Supreme Court of the State of New York, County of Bronx.  [ECF No. 1].  To date, Plaintiff Jonathan Tavarez has not appeared in this action or sought remand.  The Court— as it is independently obligated to do—has assessed whether removal was proper, and whether the Court therefore has subject matter jurisdiction to hear this action.  *See Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017).  The Court concludes that it is without subject matter jurisdiction to hear the case, and, as such, the case must be remanded to state court for any further proceedings.

## BACKGROUND

***A.    Factual Background***

Plaintiff Jonathan Tavarez alleges that he was struck in a "hit and run" by a truck owned by Defendant Eckley and driven by one of its employees.  [ECF No. 1-3] ("Compl") ¶¶ 15, 33-35.  Plaintiff contends that the Defendant negligently hired, trained, retained, and supervised the driver.  Compl. ¶ 29.  As a result of the accident, Plaintiff was "rendered sick, sore, lame and disabled" and "suffered injuries, both internal and external" and "pain and mental anguish."

Compl. ¶ 30.  His injuries require "medical treatment," which he expects to continue into the "future."  Compl. ¶ 37.

**B.      *Procedural Background***

On December 23, 2021, Plaintiff sued Eckley in the Supreme Court of the State of New York, County of Bronx.  *See generally* Compl. [ECF No. 1-1].  Plaintiff asserted a claim for negligent hiring, retention and training against Eckley.  *See* Compl. at 5.  Defendant Eckley was served with Plaintiff's state court Complaint on January 10, 2022. [ECF No. 1-1] ("Notice of Removal" or "Notice") ¶ 3.  Eckley then timely removed the Complaint to this Court on February 9, 2022 pursuant to 28 U.S.C. § 1441, invoking the Court's diversity jurisdiction.  *See* Notice ¶ 5; 28 U.S.C. § 1332.  In the Notice, Eckley states that the controversy is "between citizens of different states," Notice ¶¶ 6-7, and "the plaintiff alleges that the matter in controversy exceeds the value of $75,000.00." Notice ¶ 5.  Plaintiff has not appeared in this removed action.

**DISCUSSION**

**I.      THE COURT LACKS SUBJECT MATTER JURISDICTION**

Because Eckley removed this case on the basis of the Court's diversity jurisdiction, Notice at 1, it bears the burden of demonstrating that diversity jurisdiction actually exists.  *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994).  In addition to diversity of citizenship, Eckley must show that the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied.  *Lupo*, 28 F.3d at 273; 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000").  Given "congressional intent to restrict federal court jurisdiction" and "the importance of preserving the independence of state governments," the Court must "construe the removal statute narrowly, resolving any doubts against removability."  *Id.* at 274 (internal citation

2

omitted).  Where a complaint does not clearly state the amount in controversy, the removing

party must "allege facts adequate to establish that the amount in controversy exceeds the

jurisdictional amount," otherwise the Court lacks jurisdiction to hear the case.  *Id.* at 273-74.

Eckley fails to allege *any* facts establishing the amount in controversy in this case.

   Eckley only claims in the removal papers that "the plaintiff alleges that the matter in

controversy exceeds the value of $75,000.00."  Notice ¶ 5.  However, Plaintiff makes no

monetary demand with respect to his personal injury and does not particularize any injury he

sustained.  *See* Compl. ¶ 40 (Plaintiff seeks "monetary damages for this cause of action in excess

of the jurisdictional limits of all lower Courts, the specific sum of which [is] to be determined by

the trier of fact and law"); Compl. ¶ 37 ("Plaintiff sustained "serious and severe personal injuries

and nervous shock").

   Complaints filed in the Supreme Court of New York must comply with New York state

law pleading requirements.  Pursuant to New York Civil Practice Law and Rule § 3017(c), an

"action to recover damages for personal injuries" must "contain a prayer for general relief but

shall not state the amount of damages to which the pleader deems himself entitled."  It is

therefore no surprise that Plaintiff's Complaint makes no mention of the amount of damages

allegedly incurred with respect to Plaintiff's personal injury.

   On removal, however, Eckley bears the burden to establish a sufficient amount in

controversy to justify jurisdiction under 28 U.S.C. § 1332.  *Lupo*, 28 F.3d at 273 (where

complaint is silent, defendant must allege adequate facts).  Defendant's pithy Notice falls far

short.  For example, Eckley does not even cite in its Notice the generalized allegations that

Plaintiff "was compelled to seek medical care and attention" and "will in the future be compelled

to seek medical care and attention."  Compl. ¶ 30, 37.  Even if it had done so, those generalized

and conclusory allegations do not permit the Court to draw the reasonable inference that the amount in controversy requirement is met.  *See, e.g.*, *Justino v. Wal-Mart Stores, Inc.*, 2021 WL 961764, at *2 (S.D.N.Y. Mar. 15, 2021) (remanding case where "the only allegations about the amount in controversy are Plaintiff's generalized allegations of damages and Defendant's insistence that such damages *must* exceed $75,000"); *Brown v. NutriBullet, LLC*, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019) (remanding where the complaint alleged plaintiff "suffer[ed] personal injuries requiring medical treatment, including but not limited to burns to his face and body and corneal burns to his right eye, [] was [] sick, sore and lame and . . . suffer[ed] great pain and emotional distress" (alterations in original)); *Perez v. Smith*, 2019 WL 2372497, at *1 (E.D.N.Y. June 3, 2019) (defendant did not satisfy burden to establish amount in controversy simply by submitting proof that "plaintiff is claiming injuries to his neck, back, right shoulder, right ankle and right knee, has been receiving physical therapy, seen by pain management physician, and has been recommended for surgery of his right knee which is in the process of being scheduled"); *Burtis v. Samin*, 2018 WL 2304765, at *2 (E.D.N.Y. May 21, 2018) (no reasonable inference regarding amount in controversy could be drawn from allegations in complaint that plaintiff "suffered serious and severe injuries to his neck, left shoulder, right forearm, mid back, lower back, and right knee"); *Camden v. CVS Albany LLC*, (E.D.N.Y. Jan. 14, 2022) (no amount in controversy met where complaint asserted generalized allegations that plaintiff "suffered certain and severe injuries,' 'incur[red] and continues to incur expenses for medical care,'" and "will undergo an unspecified surgery").

Because Defendant alleges no facts giving rise to a reasonable inference that the amount in controversy exceeds $75,000, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and removal was improper.

**II.**     **THIS CASE SHALL BE REMANDED FOR**
**LACK OF SUBJECT MATTER JURISDICTION**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added). This provision authorizes a district court to remand a case *sua sponte* at any time upon finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006). Defendant here fails to meet its burden of showing that the jurisdictional amount in controversy required for diversity jurisdiction is satisfied. The Court therefore is compelled to remand for lack of federal subject matter jurisdiction.

## CONCLUSION

The Court *sua sponte* determines that it lacks subject matter jurisdiction to entertain this case. The Clerk of the Court respectfully is requested to remand this case to New York Supreme Court for further proceedings.

**SO ORDERED.**

**Date:  April 26, 2022**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

5